# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# HUNTINGTON DIVISION

**WILLIAM THOMAS HAMM,**

    **Plaintiff,**

**v.**                                                      **Civil Action No. 3:18-cv-00313**

**ANDREW SAUL,[1]**
**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## **PROPOSED FINDINGS AND RECOMMENDATION**

Pending before this Court is Plaintiff's Brief in Support of Judgement on the Pleadings in a Social Security Case (ECF No. 12) and Defendant's Brief in Support of Defendant's Decision (ECF No. 15). This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's applications for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act.

## Background

Claimant, William Thomas Hamm, previously filed applications for DIB and SSI on January 19, 2011. Claimant asserted disability beginning May 5, 2008. These claims were denied initially on March 31, 2011, and upon reconsideration on June 2, 2011. On August 4, 2011, Claimant filed a written request for a hearing before and Administrative Law Judge (ALJ). Claimant appeared and testified at a hearing held on September 18, 2012, in Huntington, West

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (stating action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

Virginia. On December 13, 2012, the ALJ denied Claimant's applications. Claimant requested the Appeals Council (AC) review the ALJ's decision. On February 27, 2014, the AC denied Claimant's request for review.[2]

Claimant filed a second application for SSI on March 26, 2014, and a second application for DIB on May 19, 2014. Claimant alleged disability beginning December 14, 2013. The claims were denied initially on August 8, 2014, and upon reconsideration on January 29, 2015. Claimant filed a request for hearing on February 19, 2015. On November 28, 2016, an Administrative Law Judge (ALJ) presided over a hearing held in Huntington, West Virginia. The ALJ denied Claimant's applications on January 3, 2017. Claimant requested the Appeals Council review the ALJ's decision. The Appeals Council denied Claimant's request for review on December 11, 2017 (Tr. at 1-5). Subsequently, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

## Standard of Review

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520 and 416.920 (2018). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* §§ 404.1520(a) and 416.920(a). The first

---

[2] Hereinafter, this will be referred to as the prior decision.

inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* §§ 404.1520(b) and 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.* §§ 404.1520(c) and 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* §§ 404.1520(d) and 416.920(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* §§ 404.1520(e) and 416.920(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-869 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f) and 416.920(f) (2018). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since December 14, 2013. Claimant meets the insured status requirements through March 31, 2014 (Tr. at 17). Under the second inquiry, the ALJ found that Claimant suffers from the medically determinable impairments: osteoarthritis; hypertension; and peripheral vascular disease (PVD). (*Id.*) However, under the third inquiry the ALJ found that Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P,

Appendix 1 (Tr. at 18). At the fourth inquiry, the ALJ found that Claimant had the residual functional capacity (RFC) to perform a limited range of work at the light exertional level, with the following additional non-exertional limitations: he can never climb ladders/scaffolds; only occasionally climb ramps, stairs, balance, stoop, kneel, crouch or crawl; he should avoid concentrated exposure to temperature extremes, vibrations, smoke, fumes, odors and all pulmonary irritants; he should avoid exposure to hazards; and stand and walk for four hours in an eight hour day, for thirty minutes at a time without interruption (Tr. at 19). The ALJ found that Claimant is capable of performing past relevant work as a bill collector, a sedentary level job (Tr. at 21). The ALJ stated that "This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." (*Id.*) Additionally, the ALJ held that Claimant is capable to perform other jobs existing in the national economy such as office helper, order caller and non-government mail clerk (Tr. at 22). Accordingly, the ALJ denied Claimant's applications for DIB and SSI (Tr. at 23).

## Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was defined as:

> [E]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Cellebreze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless,

4

the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

### Claimant's Background

Claimant was born on August 26, 1964. He was 49 years old on the alleged disability onset date. He was last insured for DIB benefits on March 31, 2014, when he was 49 years old. Claimant was 52 years old at the time the ALJ rendered a decision. Claimant completed the 9th grade and is able to read, write and do simple math (Tr. at 31). He did not have a driver's license on the date of the hearing, however, he previously had a driver's license that expired (Tr. at 31-32).

### The Medical Record

Claimant does not challenge the ALJ's findings that his impairments were not severe enough to meet or equal a Listing. Also, Claimant does not challenge the ALJ's finding that Claimant has the capacity to perform light exertional work. Therefore, only the medical facts relevant to Claimant's arguments will be contained within the discussion below.

### Claimant's Challenges to the Commissioner's Decision

Claimant argues that "The ALJ in this case did not acknowledge in her decision the findings made in the prior ALJ decision although there [is] a contradictory finding that had not changed between the first and second hearing" (ECF No. 12). Claimant asserts that "The ALJ in the prior decision dated December 13, 2012, found that the claimant could not do any of his past relevant work which the ALJ identified as construction laborer and a carpenter." (*Id.*) Claimant asserts that the prior decision found that he had a limited education and was unable to perform his past

5

relevant work (PRW). He asserts that the current ALJ had no additional information, therefore, the current ALJ should have adopted the prior ALJ's findings from the prior decision. (*Id.*)

Additionally, Claimant asserts that the current ALJ failed to analyze why she did not adopt the prior ALJ's finding that Claimant could not perform his PRW. Claimant argues:

> The ALJ fail [sic]to properly document in her decision the possible skills that she thought the Claimant might have acquired or how they might be transferred to another job where there is no DOT ID number for the bill collector job and the job that is identified has an SVP[3] of 5 which starts at a longer time that the Claimant worked the job and therefore the Claimant would have when he became a person approaching advanced age have been found disabled under a grid rule. (ECF No. 12).

In response, Defendant asserts that "The ALJ correctly determined that Plaintiff could perform his past relevant sedentary work at step four of the sequential evaluation process" as an alternative to light work[4] (ECF No. 15). Additionally, Defendant asserts that the ALJ "correctly determined at step five that a significant number of light jobs existed that Plaintiff could perform." (*Id.*)

## Discussion

The Social Security Act defines "disability" in terms of the effect a physical or mental impairment has on a person's ability to function in the workplace. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 04.1505(a); *see Heckler v. Campbell*, 461 U.S. 458, 459-60 (1983); *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) ("[An impairment] is not necessarily disabling. There must be a showing of related functional loss."). The responsibility for determining whether Claimant is disabled resides with the Commissioner. 20 C.F.R. § 404.1527(e)(1). To be eligible for disability benefits, Claimant bears the burden of showing not only that he has a medically determinable

---

[3] SVP stands for Specific Vocational Preparation.
[4] Sedentary exertional work demands are less than light exertional work demands. *See* Social Security Ruling 83-10.

impairment, but that it is so severe that it prevents him from engaging in his past relevant work or any other substantial gainful activity that exists in the national economy for a 12-month period. 42 U.S.C. §§ 423(d)(1)(A), (d)(2)(A).

In the prior 2012 decision, the ALJ did not consider whether Claimant could perform past relevant sedentary work as a bill collector. The ALJ in the prior 2012 decision only considered Claimant's past relevant heavy and medium exertion work in construction and carpentry. Therefore, the ALJ in this case considered, for the first time, whether Claimant could perform his past relevant sedentary work as a bill collector. As Claimant is limited to light exertional work, the ALJ in this case held that Claimant could perform sedentary work as a bill collector. Additionally, the ALJ held that Claimant could perform light exertional jobs such as an office helper, order caller and non-governmental mail clerk.

Claimant argues:

> The ALJ in this case did not acknowledge in her decision the findings made in the prior ALJ decision although there are a contradictory finding that had not changed between the first and second hearing. According to AR 00-1(4) It applies only to a finding of a claimant's residual functional capacity or other finding required at a step in the sequential evaluation process for determining disability provided under 20 CFR 404.1520, 416.920 or 416.924, as appropriate, which was made in a final decision by an ALJ or the Appeals Council on a prior disability claim (ECF No. 12).

AR 00-1(4) provides that:

> When adjudicating a subsequent disability claim arising under the same or a different title of the Act as a prior claim, an adjudicator determining whether a claimant is disabled during a previously unadjudicated period must consider such a prior finding as evidence and give it appropriate weight in light of all relevant facts and circumstances. In determining the weight to be given such a prior finding, an adjudicator will consider such factors as: (1) whether the fact on which the prior finding was based is subject to change with

7

>the passage of time, such as a fact relating to the severity of a claimant's medical condition; (2) the likelihood of such a change, considering the length of time that has elapsed between the period previously adjudicated and the period being adjudicated in the subsequent claim; and (3) the extent that evidence not considered in the final decision on the prior claim provides a basis for making a different finding with respect to the period being adjudicated in the subsequent claim.
>
>Where the prior finding was about a fact that is subject to change with the passage of time, such as a claimant's residual functional capacity, or that a claimant does or does not have an impairment(s) which is severe, the likelihood that such fact has changed generally increases as the interval of time between the previously adjudicated period and the period being adjudicated increases. An adjudicator should give greater weight to such a prior finding when the previously adjudicated period is close in time to the period being adjudicated in the subsequent claim, e.g., a few weeks as in *Lively*. However, an adjudicator generally should give less weight to such a prior finding as the proximity of the period previously adjudicated to the period being adjudicated in the subsequent claim becomes more remote, e.g., where the relevant time period exceeds three years as in *Albright*. In determining the weight to be given such a prior finding, an adjudicator must consider all relevant facts and circumstances on a case-by-case basis.
>
>Acquiescence Ruling (AR) 00-1(4), *Albright v. Commissioner* of the Social Security Administration, 174 F.3d 473 (4th Cir. 1999) (Interpreting *Lively v. Secretary of Health and Human Services*, 820 F.2d 1391 (4th Cir. 1987)).

"An ALJ does not necessarily have to walk through each factor in order to comply with AR 00–1(4); rather, reviewing and evaluating all the evidence presented at the correct standard complies with the acquiescence ruling." *Grant v. Colvin*, No. 4:12CV191, 2014 WL 852080, at *7 (E.D. Va. Mar. 4, 2014) (citations omitted). The ALJ in the current case complies with AR 00-1(4) when she considers the prior ALJ's findings from 2012 as part of reviewing the record, even if the ALJ does not specifically refer to the ruling or explain the specific weight given to the prior ALJ's findings. *Melvin v. Astrue*, 602 F.Supp.2d 694, 702 (E.D.N.C. 2009). Indeed, "AR 00–1(4) requires the ALJ to consider and weigh the prior decision as evidence, but does not impose a

burden on the ALJ to explicitly state the weight [s]he assigned to this evidence." *McKay v. Colvin*, No. CIV.A. 3:12-1601, 2013 WL 3282928, at *13 (S.D.W. Va. June 27, 2013) (citing *Harris v. Astrue*, No. 2:12-CV-45, 2013 WL 1187151, at *8 (N.D.W.Va. Mar. 21, 2013) ("The plaintiff argues that, even if the ALJ did consider the prior ruling and findings, he did not explicitly state the weight assigned to this evidence. However, AR 00–1(4) does not impose such a burden upon the ALJ; AR 00–1(4) merely states that the ALJ shall consider and weigh the prior ruling as evidence in reaching his decision in the second claim.")). Where the "List of Exhibits" attached to the ALJ's decision shows that the ALJ received and considered the prior ALJ decision, the ALJ has complied with AR 00-1(4). *Harris*, 2013 WL 1187151, at *8.

In this case, the ALJ specifically stated, on two occasions, that she had carefully considered "the entire record" (Tr. at 17, 19). More so, the "List of Exhibits" attached to the ALJ's decision includes the prior 2012 ALJ decision (Tr. at 24). Therefore, although the ALJ did not explicitly state the weight she gave to the prior ALJ's 2012 finding regarding Claimant's past relevant work, she considered the prior 2012 ALJ decision when reaching her decision in this case. *Grant*, 2014 WL 852080; *McKay*, 2013 WL 3282928, at *13; *Harris*, 2013 WL 1187151, at *8. Accordingly, the ALJ complied with AR 00-1(4).

In the 2012 decision, the prior ALJ found that, given Claimant's residual functional capacity (RFC)[5] for light work, he could not perform his past relevant heavy and medium exertion work in construction or carpentry (Tr. at 63). There is no indication that the previous ALJ knew of Claimant's past sedentary work as a bill collector.

In the present case, Claimant testified he worked for four or five months as a bill collector

---

[5] A claimant's RFC is the *most* that she can still do despite her functional limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a); Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *1.

9

in 2003 and earned approximately $3,700 (Tr. at 33). Claimant described his position as a bill collector as a "sit down job." (*Id.*) Accordingly, based on Claimant's testimony about his past sedentary job and his RFC for light work, the ALJ in this case correctly determined that Claimant could perform his past sedentary work as a bill collector.

In both the current decision and the 2012 prior decision, the ALJs ultimately determined at step five of the sequential evaluation process that Claimant was not disabled because a significant number of jobs existed in the national economy that he could perform (Tr. at 21-23, 63-65).

Claimant argues:

> [T]he ALJ in 2012 found the claimant could not perform the claimant's PRW. The ALJ in 2017 ignores this finding anf [sic] further fails to prove that the Bill Collector's job was done at a SGA level or that the claimant acquired the specific vocational preparation to have learned the job requiring an SVP of 5, especially considering the fact that out of Mr. Hamm's years of work, this would have been five months in 2003, which may have shown that it wasn't done at an SGA level nor did he have adequate preparation to do the job on his own (ECF No. 12).

Claimant asserts that the burden of proof shifts to Defendant at step five of the sequential evaluation process. At step five, Defendant must demonstrate that there are a significant number of jobs the claimant can perform. AR 00-1(4) requires "the ALJ to perform analysis relative to the claimant's PRW that there is a reason for ignoring the first ALJ's finding and because the ALJ is required by Regulation to identify the potential skills and how they would be transferable to other work." (*Id.*)

Pursuant to the Dictionary of Occupational Titles (DOT), SVP is defined as:

> the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation. This training may be acquired in a school, work, military, institutional, or vocational environment. It does not include the orientation time required of a fully qualified worker to become accustomed to the special conditions of any new job. Specific vocational

> training includes: vocational education, apprenticeship training, in-plant training, on-the- job training, and essential experience in other jobs. Dictionary of Occupational Titles (DOT), App'x C, 1991 WL 688702.

The DOT establishes that a typical worker needs approximately six months to one year to learn a job with an SVP of 5. *Id.* The court in *Schmidt v. Commissioner of Social Security*, Case No: 2:17-cv-333-FtM-MRM (M.D. Fla. Aug. 10, 2018), held that the SVP for a job is meant to be "a guideline to help determine how long it would generally take to learn a particular job." POMS DI 25005.015(D); *see also Bond v. Comm'r of Soc. Sec.*, No. 6:15-cv-333-ORL-GJK, 2016 WL 3906929, at *3 (M.D. Fla. July 19, 2016) (internal citations omitted; finding that "each SVP level is the amount of time a 'typical worker' needs to learn the job" but "does not mandate that every worker needs to perform a particular job for the period of time associated with that job's SVP").

In the present matter, Claimant has not provided evidence to support his assertion that he could not perform a job with an SVP of 5. Although Claimant testified that he only worked as a bill collector job for four or five months, there was no reason to believe that he could not have performed the job for a longer period of time, nor was there reason to believe that he did not learn the job in the five months that he actually performed it. Claimant did not testify that he stopped working for any reason related to his ability to learn the job, but instead, that he stopped working as a bill collector in 2003 because it was stressful and because his ex-wife also worked for the same employer (Tr. at 48). Therefore, the record does not contain any factual basis to support Claimant's alleged inability to perform a job with an SVP of 5.[6]

To the extent Claimant implies that he should have been found disabled under Grid Rule 201.09 (ECF No. 12), he is mistaken. Grid Rule 201.09 applies to *sedentary* work; the ALJ here

---

[6] SVP encompasses both formal education, as well as on the job training and other evidence. Therefore, Claimant only completing the ninth grade does not affect his ability to perform a job with an SVP of 5.

11

limited Claimant to a range of *light* work. Therefore, Grid Rule 201.09 is inapplicable to this matter.

Also, Claimant suggests that the current ALJ incorrectly found that Claimant's bill collector job constituted past relevant work because he earned less than $4000 over the course of only four or five months of work. Claimant implies that his bill collector job of was performed below the SGA level (ECF No. 12). However, SGA is defined as work activity that involves significant physical or mental activities, even if such work is done on a part-time basis for less pay or with less responsibility than previous work. 20 C.F.R. §§ 404.1572, 416.972. The regulations further provide that the mere fact that a claimant's earnings were not substantial, will not necessarily show that he is not able to do substantial gainful activity. 20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1).

Accordingly, the current substantial evidence supports the ALJ's finding that Claimant's past job as a bill collector encompassed past relevant work for purposes of the step four analysis despite Claimant's testimony that he only performed this work for four or five months and earned less than substantial wages from that job.

## Conclusion

For the reasons set forth above, it is hereby respectfully RECOMMENDED that the presiding District Judge AFFIRM the final decision of the Commissioner, DENY Plaintiff's Brief in Support of Judgment on the Pleadings in a Social Security Case (ECF No. 12) and DISMISS this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED and a copy will be submitted to the Honorable Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Rules 6(d) and 72(b), Federal

Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Chambers and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Date:  July 19, 2019

Dwane L. Tinsley
United States Magistrate Judge

13